UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br>　　　　Plaintiff,<br>　　v.<br>SHAMCY ALGHAZZY,<br>　　　　Defendant. | Case No. 15-cv-01443-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**<br>[Re: ECF 19] |

Before the Court is Defendant's Motion to Dismiss with prejudice Plaintiff's claim of unfair competition in violation of California Business and Professions Code § 17200 *et seq* ("UCL Claim"). ECF 19. Defendant argues that the UCL Claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it seeks only relief that is not available under § 17200. *Id.* Plaintiff responds that the relief it seeks is available under § 17200. ECF 26. For the reasons below, the Court DENIES Defendant's partial motion to dismiss.

**I.　BACKGROUND**

Plaintiff is a Delaware corporation that develops and distributes Adobe-Branded software. Compl., ECF 1 ¶¶ 1, 12. Plaintiff alleges that Defendant is an individual who, through eBay, "offer[s] for sale various software products, including altered, unauthorized and/or counterfeit Adobe-Branded Software products." *Id.* ¶¶ 2, 25.

Specifically, Plaintiff alleges that Defendant violates Plaintiff's exclusive copyrights by "press[ing] unauthorized copies of Plaintiff's Adobe-Branded Software," which "come to bear spurious and counterfeit trademarks." *Id.* ¶ 30. In addition, Plaintiff alleges that Defendant resells Plaintiff's software in violation of Plaintiff's exclusive distribution rights, and splits Plaintiff's software serial number keys from the software products without authorization. *Id.* ¶¶ 30, 33.

1  Plaintiff also alleges that Defendant alters and resells software that is designed exclusively for
2  bundled distribution and purchases copies of Plaintiff's software intended for distribution abroad,
3  imports them to the United States, and resells them here. *Id.* ¶ 31-32.

Based on those allegations, Plaintiff asserts six causes of action. The fifth cause of action, brought under California's Unfair Competition Law, alleges that Defendant "engaged in unfair competition including unlawful, unfair and fraudulent business practices." *Id.* ¶¶ 74-82. As remedies, Plaintiff seeks restitution, "including an order granting [Defendant's] profits stemming from [his] infringing activity," compensatory damages, injunctive relief, and "an asset freeze or constructive trust . . . over all monies in [Defendant's] possession that rightfully belong to Plaintiff." *Id.* ¶¶ 80-82.

On August 11, 2015, Defendant brought this Partial Motion to Dismiss. On August 25, 2015, Plaintiff opposed and Defendant replied on September 1, 2015. ECF 32. On November 17, 2015, the Court deemed this Motion suitable for submission without oral argument. ECF 44.

## II.  LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendant attacks Plaintiff's UCL Claim solely on the basis of the remedies it seeks. "[U]nder the UCL, 'prevailing plaintiffs are generally limited to injunctive relief and restitution.'" *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (quoting citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 179 (1999)); *see also* Cal. Bus. & Prof. Code § 17203.

Defendant argues that Plaintiff's UCL Claim seeks neither of the available remedies, and instead requests damages and disgorgement, which are unavailable under § 17200. Mot at 11. To support this argument, Defendant relies on *Korea Supply*, which held that "disgorgement of profits allegedly obtained by means of an unfair business practice . . . where these profits are neither money taken from a plaintiff nor funds in which the plaintiff has an ownership interest . . . is not an authorized remedy in an individual action under the UCL." *Korea Supply*, 29 Cal. 4th at 1140.

In *Korea Supply*, the plaintiff, the representative of an applicant for a bid to manufacture military equipment for the Korean government, sued defendant, the winner of the contract, for violation of § 17200 after learning that the defendant won the contract through bribes and sexual favors. *Id.* at 1140. The plaintiff sought defendant's profits from its unlawful and unfair conduct. Though the plaintiff characterized this request as one for restitution, the court concluded that "plaintiff's claim is properly characterized as a claim for nonrestitutionary disgorgement of profits." *Id.* at 1150. Defendant asks the Court to do the same here.

Plaintiff responds that *Korea Supply* is inapplicable because Plaintiff seeks profits in which it has an ownership interest—one of the exceptions to *Korea Supply*'s holding. Opp. at 10. Plaintiff requests "profits stemming from [Defendant's] infringing activity." Compl. ¶ 80.

The Court agrees with Plaintiff that *Korea Supply* does not preclude the relief requested under § 17200. Plaintiff's factual allegations support its request for restitution and injunctive relief insofar as Plaintiff's claim for restitution is based on recovery of Defendant's ill-gotten gains related to Defendant's alleged sale of products that infringe Plaintiff's trademark rights.

In a case similar to this case, this court has previously allowed a § 17200 claim to proceed. In *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, the court denied a motion to

3

1  dismiss a § 17200 claim by the owner of the 5-hour Energy trademark, copyright, and trade dress
2  against defendants who had schemed to manufacture and sell counterfeit 5-hour Energy drinks.
3  No. C 12-05523 WHA, 2013 WL 1007666, at *1 (N.D. Cal. Mar. 13, 2013). The court held that
4  the plaintiff had alleged a vested interest in the products the defendants sold because the claim
5  essentially alleged that the defendant was selling the plaintiff's property. *Id.* at *8. The court
6  explained that while, "[t]ypically, profits earned from unfair business practices do not constitute
7  money taken directly from the plaintiff, nor money in which a plaintiff has a vested interest, [h]ere
8  . . . each challenged sale involved a product allegedly embodying plaintiffs' intellectual property."
9  *Id.* at *8. The same holds true here: each challenged sale involved a product allegedly embodying
10 Plaintiff's trademark and other intellectual property. As a result, the Court agrees with Plaintiff
11 that it seeks restitution, not disgorgement, and has therefore stated a claim under § 17200.
12     Furthermore, even if the Court were to find that Plaintiff seeks disgorgement, the UCL
13 Claim would survive because Plaintiff also seeks injunctive relief. *See* Compl. ¶ 81. Defendant
14 concedes that "the UCL affords injunctive relief as an available remedy." Reply at 3.[1]
15 Accordingly, Defendant's Partial Motion to Dismiss is DENIED.
16     **IT IS SO ORDERED.**
17 Dated: December 29, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Because the Court finds that Plaintiff appropriately seeks both restitution and an injunction, the Court reaches neither Defendant's argument regarding the redundancy of Plaintiff's UCL Claim nor his request that the Court limit Plaintiff's potential damages at this early stage. Furthermore, the Court notes that Defendant raised both of these arguments for the first time in his Reply and additionally refuses to consider the arguments on that ground. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).