UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>SHAMCY ALGHAZZY,<br><br>Defendant. | Case No. 15-cv-01443-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS AND STRIKE**<br><br>[Re: ECF 48] |

Defendant asserts four counterclaims against Plaintiff in this action: violation of California's Unfair Competition Law ("UCL"), promissory estoppel, and two requests for declaratory relief that Defendant does not infringe Plaintiff's trademarks or copyrights. ECF 47 ("Counterclaims"). Plaintiff has moved to dismiss the first two claims and to strike the claims for declaratory relief. Mot., ECF 48. The Court heard argument on this motion on May 12, 2016. For the reasons stated on the record and below, the Court GRANTS Plaintiff's motion with leave to amend.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Plaintiff raises serious problems with Defendant's claims. First, Plaintiff challenges the

1  UCL claim for failure to plead any injury. *See* Reply at 3-5, ECF 51. "[O]nly plaintiffs who have
2  suffered actual damage may pursue a private UCL action." *Peterson v. Cellco P'ship*, 164 Cal.
3  App. 4th 1583, 1590 (2008) (citing Cal. Bus. & Prof. § 17204). "A private plaintiff must make a
4  twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused
5  by unfair competition." *Id.*

6  Here, Plaintiff is correct that Defendant fails to plead either element. Defendant alleges
7  that he sold a product to Plaintiff's agent because the agent misrepresented his identity, *see*
8  Counterclaims ¶¶ 20-28, 32, but Defendant fails to identify a resulting injury, such as lost money
9  or property, much less a causal link between an injury and Plaintiff's alleged misconduct.
10 Accordingly, the Court GRANTS Plaintiff's Motion to Dismiss the UCL claim.

11 Plaintiff next argues that Defendant similarly fails to plead a central element of his
12 promissory estoppel claim, which requires allegations of: "(1) a promise clear and unambiguous in
13 its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both
14 reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his
15 reliance." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1159 (N.D. Cal. 2013)
16 (citing *Laks v. Coast Fed. Sav. & Loan Ass'n,* 60 Cal. App. 3d 885, 890 (1976)).

17 Plaintiff correctly notes that Defendant fails to sufficiently plead the first element. Mot. at
18 12-15. While Defendant alleges that Plaintiff "clearly and unambiguously promised . . . that
19 [Defendant] could re-sell Adobe products," Counterclaims ¶ 35, the exhibits he attaches to his
20 Counterclaims—three exchanges that he represents as examples of Plaintiff's promises, *see id.* ¶¶
21 14, 15, 19; *see also id.* Exhs. 1, 2, and 4, ECF 47-1, 47-2, 47-4—belie this allegation. In the
22 November 2008 exchange, for example, an Adobe representative writes, "I can only give approval
23 for the items whose images I was able to view. I can't give a blanket approval for all products
24 based on the representative sample." *Id.* Exh. 1 at 11. Similarly, in 2009, Adobe writes, "Please
25 note that Adobe has verified the authenticity of the above software only and is only authorizing
26 you to relist the product(s) specified above. More specifically, [this] should not be construed as a
27 blanket authorization for all of your eBay auction listings." *Id.* Exh. 2. At 2. In light of these
28 express limitations on the alleged permission, the Court GRANTS Plaintiff's Motion to Dismiss

United States District Court
Northern District of California

1  the promissory estoppel claim.

2  Finally, Plaintiff seeks to strike Defendant's claims for declaratory relief as redundant. Mot. at 17-19. "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Finding that Defendant's claims for declaratory relief are mirror images of Plaintiff's affirmative claims and that they seek the same relief as Defendant's affirmative defenses, the Court GRANTS Plaintiff's Motion to Strike.

Notwithstanding the Court's serious reservations about Defendant's ability to cure the deficiencies identified above, the Court GRANTS Defendant leave to amend each of his claims because he has not yet had such an opportunity. Plaintiff shall file his amended counterclaims by no later than **June 2, 2016.**

**IT IS SO ORDERED.**

Dated: May 16, 2016

_____
BETH LABSON FREEMAN
United States District Judge

3